| UNITED STATES BANKRUPTCY COURT | 13-3589448 |
| --- | --- |
| EASTERN DISTRICT OF NEW YORK | |

---------------------------------------------------------

In Re:                                                                  **Chapter 7**

       **ALEVTINA DICK,**                          **Case No. 11-41682 (JBR)**

                    Debtor.

---------------------------------------------------------

**APPLICATION FOR AN ORDER AUTHORIZING EXAMINATION PURSUANT TO RULE 2004(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004(c) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**TO THE HONORABLE JOEL B. ROSENTHAL,
UNITED STATES BANKRUPTCY JUDGE:**

       ROBERT L. GELTZER, ESQ., the Trustee herein (hereinafter "Trustee" or the "Applicant"), and an attorney-at-law, duly admitted to practice before the United States District and Bankruptcy Courts for the Southern and Eastern Districts of New York, affirms under the penalty of perjury as follows:

       1.    On March 3, 2011 (the "Petition Date"), Alevtina Dick, the debtor (hereinafter "Debtor(s)"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

       2.    Pursuant to the United States Trustee's Notice of Appointment of Interim Trustee and Trustee, on or about March 3, 2011, Applicant was appointed Trustee for the estate of the above-captioned Debtor, duly qualified, and is now acting as such Trustee.

       3.    This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

       4.    Venue of this Application is proper pursuant to 28 U.S.C. § 1409.

       5.    I am a member of the law firm of the Law Offices of Robert L. Geltzer, am the Trustee herein, and am fully familiar with the facts and circumstances of this case.

6.      This application is based upon the Trustee's examination at the meeting conducted pursuant to § 341 of the United States Bankruptcy Code, a review of the Petition and Schedules, discussions had with the Debtor and the attorney representing the Debtor, and a review by the Trustee and his Court-appointed accountant of the documents thus far received from the Debtor through his attorney.  From the above, it appears that the Debtor operated a business called Leslie Worldwide Ltd. for some years and, among other things, made various payments to Rock Le Triomphe Associates, the reasons for which have been requested but not supplied.

The examination of the Debtor is essential to determine whether any preferences exist, whether any fraudulent conveyance actions exist, whether any assets have been concealed, whether any of the Debtor's assets were improperly used for the personal benefit of the Debtor, and/or others, etc.

7.      The examinations are also necessary in order to discover whether the petition is true and accurate.

8.      Federal Rule of Bankruptcy Procedure 2004(a) ("Rule 2004") states that: "On motion of any party in interest the Court may order the examination of any person." Subdivision (b) of Rule 2004 states that the scope of such an examination may relate "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter that may affect the administration of a debtor's estate . . . ."  Subdivision (c) of Rule 2004 provides for the production of documents.

9.      The scope of examination that may be conducted pursuant to Rule 2004 "is exceptionally broad and the rule itself is 'peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does.' Examinations under Rule 2004 are allowed for the 'purpose of discovering assets and unearthing frauds' and have been compared to a 'fishing expedition.'  In re Duratech Indus., Inc., 241 B.R. 283 (E.D.N.Y. 1999) (quoting In re GHR Energy Corp., 33 B.R. 451, 454 [Bankr. D. Mass. 1983]).  See also, in re Bakalis, 199 B.R. 443 (Bankr. E.D.N.Y.

1996) (the scope of an examination pursuant to Rule 2004 may be broad and unfettered). In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); In re Johns-Manville Corp., 42 B.R. 362, 364 (S.D.N.Y. 1984).

10. The Trustee clearly has "good cause" for the requested Rule 2004 discovery.

11. The role of a chapter 7 trustee is to "investigate the debtor's affairs to discover and recover assets for the benefit of creditors of the debtor." In re Vantage Petroleum Corp., 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). As this Court is well aware, Bankruptcy Rule 2004 provides for inquiries ranging broadly over any "acts, conduct, or property [of the debtor] or to the liabilities and financial condition of the debtor, or any matter which may affect the administration of the debtor's estate. . . . Fed. R. Bankr. P. 2004(b). The scope of the inquiry permitted is so broad that it can"legitimately be in the nature of a fishing expedition." In re Wilcher, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985). See also, Johns-Manville, Corp., 42 B.R. 362, 364 (S.D.N.Y. 1984) (citing In re Mantolesky, 14 B.R. 973, 976 (Bankr. D. Mass 1981)) (The examination taken may "cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him.") In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (same).

12. Further, Bankruptcy Rule 2004 may be used to determine whether the debtor has a viable claim for relief against a third party. See Ionosphere Clubs, Inc. 156 B.R. 414, 432 (S.D.N.Y. 1993) aff'd, 17 F.3d 600 (2d Cir. 1994).

13. The information that I seek from the Debtor concerns not only the Debtors' "acts, conduct, or property" or "liability and financial condition," but also relates to possible fraudulent transfers and/or other claims against others who may have received assets of the Debtor without fair consideration.

14. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, your affirmant prays that this Court enter the attached tendered Order allowing the Law Offices of Robert L. Geltzer to obtain various documents from, and to examine, Alevtina Dick, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       December 29, 2011

                                  ROBERT L. GELTZER, ESQ.,
                                  Chapter 7 Trustee
                                  1556 Third Avenue, Suite 505
                                  New York, New York 10128
                                  (212) 410-0100


                              By: /s/ Robert L. Geltzer
                                  ROBERT L. GELTZER (RG 4656)