CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2013 OCT 23  P 1: 02

RECEIVED

Honorable Nancy Hershey Lord  
U.S. Bankruptcy Court  
Eastern New York  
271 Cadman Plaza East, Suite 1595  
Brooklyn, New York 11201-1800

October 23, 2013

Hand Delivered & U.S. Mail

**RE: Request for Immediate Review: Alevtina Dick-Case No. 11-41682-nhl**

Dear Judge Lord:

I am respectfully requesting your review of the following facts as it pertains to my case.

On September 27, 2013 I received a copy of a letter addressed to William R. Hamel, Esq. of the Law Firm of Dinkes & Schwitzer from Trustee Robert L. Geltzer. (enclosed). On October 22, 2013 a second letter from Trustee Robert L. Geltzer (enclosed).

Pursuant to a Court Order I was to appear for a FRBP 2004 Examination on June 18, 2012, which was a rescheduled Examination date by the Trustee.

On Thursday, June 14,2012 @ 11:50 am, I received a call from Trustee Robert Geltzers Secretary (Audi) from 1.212.534.4037 cancelling for the second time the June 18,2012 FRBP 2004 Examination. Thereafter, I never heard from Trustee Robert L.Geltzers Office again.

Please take notice that over **15 Months** (1 year and 3 months) have elapsed between Robert Geltzers 2nd cancelled 2004 Examination and his instant letter(s) of September 27, 2013 to Attorney William R. Hamel.

In response to Robert Geltzers demands, threats and assertions, the undisputable facts are as follows;

1.) I was granted a discharge under Section 727 of Title 11, United States Code dated June 14, 2011 by The Honorable Joel B. Rosenthal **27 Months ago** (2 years and 3 months).

2.) Robert Geltzer entered a fraudulent Court Order based upon a hearing of Judge Rosenthal on the basis by which he may have a 2004 Examination. (See Letter dated April 12, 2012 to your Honor attached hereto).

3.) Robert Geltzer is now trying to assert and demand that he has the right to harass and threaten my Husbands Attorneys based upon his fraudulent Court Order and two (2) subsequent canceled 2004 Examinations.

1

4.) I have previously been told by my former Attorney Joseph Campisi that he had instructed Robert Geltzer that he was going to drop my claim because of the continuing harassment by the Trustee, and who is now apparently acting in concert with him.

5.) I have never been deposed by either my former Attorney Joseph Campisi or the Defendants Attorney in the last four (4) years in regard to the Personal Injury Case. In addition, I have no medical reports and/or any other information contained within the Legal File that would establish what said claim is worth at Settlement/Trial.

6.) The Personal Injury Case Legal File contains all the Confidential Medical Records of my Husband Leslie Dick.

Judge Lord, I would respectfully request that the Trustee Robert Geltzer be sanctioned by this Honorable Court (pursuant to Judge Rosenthal's previous on the record notice) to Mr. Geltzer about his continuing harassment, threats and improper conduct.

In addition, I would ask that Trustee be sanctioned for the continual harassment of my Husbands Attorneys for seeking to improperly delay the delivery of the Personal Injury Case File to our Current Attorneys Dinkes and Schwitzer, P.C.

Thank you for your consideration of the above, and my request for Sanctions for the wrongful acts that have transpired in my case.

Respectfully,

Alevtina Dick

Cc: Robert L. Geltzer, Trustee
    Dinkes & Schwitzer
    U.S. Bankruptcy Clerk
    Justice Manuel J. Mendez, New York Supreme Court

LAW OFFICES OF
# ROBERT L. GELTZER
1556 THIRD AVENUE
NEW YORK, NEW YORK 10128
(212) 410-0100

FACSIMILE (212) 410-0400

September 25, 2013

William R. Hamel, Esq.
Dinkes & Schwitzer, P.C.
112 Madison Avenue
New York, NY 10016

   Re: **Alevtina Dick - Case No. 11-41682 (NHL)**
      **Dick v. Podell - Index No. 112435/2009**
      **Your File No. SRDS13-059**

Dear Mr. Hamel:

  As you know, or should know, I am the Federal Bankruptcy Trustee to whom the above-captioned Debtor's case has been assigned; a copy of my Notice of Appointment is enclosed.

  Since on or about April 22, 2011, I have been communicating with Joseph Campisi, Esq., at Schwartz Goldstone & Campisi, LLP, in connection with the Debtor's interest in the personal injury action of Leslie Dick. And, I might add, with very little satisfaction.

  On September 23, 2013, I was advised by Mr. Campisi that last month he effectuated a consent to change attorneys from his firm to yours. Moreover, your August 27, 2013 letter to him seeks a consent to change attorneys for Alevtina Dick. This is to advise you that the third paragraph of your August 27, 2013 letter is egregiously incorrect. First, any interest of Alevtina Dick belongs to me as the trustee of her estate. Second, the fact that she was discharged has absolutely nothing to do with my continuing interest in the action as part of my continuing administration of the estate unless and until I file a no asset report, which I have not done. Third, not only am I not required to sign a consent to change attorneys if I choose not to do so, but, moreover, you can do no work in connection with her interest without my permission and Bankruptcy Court approval.

  Notwithstanding your errors in misreading law, I am willing to consider retaining you if you will forthwith advise me as to the liability and damages involved, and your reasonable expectation of the recovery that the Debtor would have either by suit or settlement.

William R. Hamel, Esq.
September 25, 2013
Page 2

      I wish to tell you in advance that I would prefer that this matter be handled amicably and expeditiously by way of your providing me the information I need to make a determination as to whether the Debtor's interest in the personal injury action would yield funds to make a sufficient distribution to creditors; if, however, I do not have your full and prompt cooperation, I shall move for the turnover of the file if only to have it examined by an independent personal injury counsel.

                                    Very truly yours,

                                    Robert L. Geltzer

RLG:ayh
Enclosure

cc:    Joseph Campisi, Esq (by fax only 212-385-2308)
       U.S. Bankruptcy Clerk (by ECF Filing)
       Alevtina Dick (by regular mail)

LAW OFFICES OF
# ROBERT L. GELTZER
1556 THIRD AVENUE  
NEW YORK, NEW YORK 10128  
(212) 410-0100

FACSIMILE (212) 410-0400

October 19, 2013

William R. Hamel, Esq.  
Dinkes & Schwitzer, P.C.  
112 Madison Avenue  
New York, NY 10016

      Re:   Alevtina Dick - Case No. 11-41682 (NHL)  
            Dick v. Podell - Index No. 112435/2009  
            Your File No. SRDS13-059

Dear Mr. Hamel:

    You have failed to respond to my September 25, 2013 letter by providing me with all information in connection with the Debtor's pre-petition personal injury action which is estate property and which I, as the Trustee for the estate, must administer, including liability, damages, and your professional estimate as to recovery.

    If I do not have the information within the next three (3) days, I shall sue for the turnover of the file.

Very truly yours,

Robert L. Geltzer

RLG:ayh

cc:   Joseph Campisi, Esq (by fax only 212-385-2308)  
       U.S. Bankruptcy Clerk (by ECF Filing)  
       Alevtina Dick  
       Justice Manuel J. Mendez (by fax only 212-884-8975)  
       New York Supreme Court

U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2012 APR 13 P 2:22

RECEIVED

Honorable Nancy Hershey Lord
U.S. Bankruptcy Court
Eastern New York
271 Cadman Plaza East, Suite 1595
Brooklyn, N.Y. 11201-1800

April 12, 2012

Hand Delivered & U.S.
Mail

**RE: <u>Request for Immediate Review: Alevtina Dick-Case No. 11-41682-nhl</u>**

Dear Judge Lord:

I am respectfully requesting your review in light of the following five (5) facts as it pertains to my case. False Proof of Claim, factually improper Order, action by an Attorney to collect a discharged debt, Natalia Skvortsovas withholding of Documents in my file and my inability to retain new counsel unless my $2,050.00 paid is returned to me.

**1.)** The Proof of Claim (page one attached) filed on November 7, 2011 by Mr. Dion Keene of Hampton Management Co. LLC for **$179,384.54** is a fraudulent claim. The Judgment was obtained by Roc Le Triomph Associates LLC represented by the law firm of Kucker and Bruh and is for **$114,700.00**. In addition the Claimant is Roc Le Triomph Associates, but the Judgment was obtained by Roc Le Triomph Associates, LLC.

**2.)** The Order Authorizing Rule 2004 Examination dated February 7, 2011, contains facts and language that was never stated at the hearing (February 6, 2012) by Judge Joel B. Rosenthal on the record. The Order prepared by the Trustee's (Robert L. Geltzer, Esq.) attorney's, the Law Offices of Robert L. Geltzer, is incorrect. The pertinent statements on the record are as follows;

~ 1 ~

<u>Page 4, Line 12-19 [Mr. Bruh]</u>: "Your Honor, before you is the trustee's application for 2004 Examination and production of documents of the Debtor. Now the debtor's attorney has stated the debtor has produced all the documents in her possession, she doesn't have anything else. If that's the case, that is fine; we would still like to go forward the examination and reserve our rights to request any additional documents based upon that examination."

<u>Page 5, Line 25 [Mr. Bruh]</u>: "We're not seeking to hold up (continued) <u>Page 6, Line 1-7</u> the debtors in any way and all we are seeking is just to kind of get some clarification on several of these issues, the salary that was purportedly paid to the debtor seems to be a large sum; there's an issue with one of the creditors who has a $180,000.00 claim against debtor and the non-debtor; we want to sort thru who—regarding that claim and the payments made to that creditor."

<u>Page 8; Line 18-25 [The Court]</u>: "--to question again but if it turns out that the questions you're asking are the same ones that were asked under oath before, there will be sanctions involved. Just—abusing the debtor by making them come in and answer the same questions again is not acceptable. So you've got their answer; they've put it in writing that there are no more documents; You will have your 2004 Examination, and just be sure that there are questions (cont) <u>Page 9, Line 1-5</u> that are worthy of wasting the debtor's time. If you've already got all the information you need, then you might want to read the transcript of the 2000—of the first meeting, beforehand."

<u>Page 6, Line 6 [Mr. Bruh]</u>: "Absolutely, Your Honor."

In the Order Authorizing Rule 2004 Examination dated February 7, 2012 (enclosed) Pgh. 1 wrongfully contains the following language: "directing and compelling Alevtina Dick to produce certain documents (as set forth in the Trustee's Application) to the Trustee, and and to appear for a FRBP 2004 examination(s) concerning the acts, conduct, property, liabilities and/or financial condition of the Debtor and/or any other matters which may affect the administration of the Debtors estate, or right to a discharge;"

<u>Pgh. 2</u> of the Order additionally wrongfully adds the language:"without limitation, of, and/or related to, the Debtor, or any matters; which may affect the administration of the estate, and any and all related matters;"

<u>Pgh. 3</u> of the Order wrongfully states: "Alevtina Dick be, and hereby is, directed to produce at the offices of the Law Offices of Robert L. Geltzer, for examination and copying, any documents he has, subsequently requested by the Trustee as a result of information obtained from documents received and/or at or after the examination, and/or from the examination"

<u>Pgh 4, Page 2</u> of the Order was never ordered by the Judge on the record.

<u>Pgh 5, Page 2</u> of the Order was never ordered by the Judge on the record.

<u>Pgh. 6, Page 2</u> of the Order was never ordered by the Judge on the record.

<u>Pgh. 7, Page 2</u> of the Order was never ordered by the Judge on the record.

<u>Pgh. 8, Page 2</u> of the Order was never ordered by the Judge on the record.

Clearly, the intent and language of Judge Rosenthal's ruling on the record and the Order Authorizing Rule 2004 Examination are at total odds with each other.

I was discharged on 6/14/2011, with no objections by the Trustee and or any of the claimants in this case. The last day to oppose discharge or dischargeability was 6/13/2011(ten months ago).

**3.)** On February 23, 2012, the Law Firm of Kucker and Bruh by attorney Ivan B. Okun, filed a Request For Judicial Intervention, Index No: 12101928 in the Supreme Court, County of New York against David Podell (enclosed)seeking collection of the Judgment which was discharged as of June 14, 2011. This is the same Law Firm which provided certain documents to the Trustee at the Creditors meeting which they previously failed to produce in the court proceeding whereupon they obtained their Judgment against Debtor Alevtina Dick and against Non Debtor Leslie Dick.

**4.)** On April 2, 2012 my Bankruptcy file was picked up at the Law Offices of Natalia Skvortsova who was allowed to withdraw from my case. The file is incomplete, in that it does not contain all the requested documents, as I requested on March 25, 2012(enclosed). In addition I have not received any Affidavits as was required by this Court at the Hearing of March 13, 2012 and/or correspondence from Natalia Skvortsova, Esq. This behavior is consistent of my former attorney when she was representing me. It should be noted that she has stated things on the record during my representation which she later reversed when appearing in Court to be relieved of her duty to represent me. The Trustee made notice of this in his letter of February 16, 2012 addressed to Natalia Skvortsova(enclosed).

**5.)** In that I have paid Natalia Skvortsova $2,050.00 in attorney fees for what should have been a simple Bankruptcy, I do not have the Funds to retain new counsel. The retainers requested are beyond my means, and I believe a direct result of Natalia Skvortsovas improper representation & material misstatement of facts in this case.

Judge Lord, I am extrememly frustrated by this current situation I find myself in. I will not be able to hire counsel to represent me at the 2004 Examination, unless Natalia Skvortsova is ordered to return all my fees which were paid to her.

Thank you for your consideration of the above, and my request of your review of the wrongful acts that have transpired in my case.

                                                        Respectfully,

Cc: Robert L. Geltzer, Trustee
     Natalia Skvortsova, Esq.                Alevtina Dick
                                                    114-06 Queens Boulevard
                                                    Apt C-8
                                                    Forest Hills, New York 11375
                                                    917.362.7111