**Honorable Nancy Hershey Lord**
U.S. Bankruptcy Court
Eastern District New York
271 Cadman Plaza East, Suite 1595
Brooklyn, N.Y. 11201-1800

November 21, 2013

**Hand Delivered & U.S. Mail**

RE: **Alevtina Dick-Case No. 11-41682-nhl**
   **Notification of Illegal, Unethical, and Intentional Misconduct by**
   **Robert L. Geltzer U.S. Trustee**
   **The Law Offices of Robert L. Geltzer,**
   **Robert L. Geltzer, Attorney at Law**

RECEIVED 2013 NOV 22 P 1:02 CLERK U.S. BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK

Dear Judge Lord:

I am Leslie Dick, the husband of Alevtina Dick. I am writing to apprise you of the
Dilatory conduct of Trustee Robert L. Geltzer as it pertains to the interference &
effectuating the withholding of my Personal Injury Case File. The Trustee Robert
L. Geltzer has prevented the transfer of my case file to my Attorneys Dinkes and
Schwitzer, for the last 5-6 months. These acts are illegal, unethical, intentional
and are currently ongoing. I will be asking this Honorable Court for Justice.

I will outline the actions which he intentionally practiced upon my attorneys,
a Supreme Court Justice, my wife and I outside of the Law with no Legal
Jurisdiction, Bankruptcy Order and/or Subpoena to do so.

**1.)** On or about <u>July 8, 2013</u> I signed a Consent to change Law Firms from
Schwartz, Goldstone and Campisi to my current Attorneys Dinkes and Schwitzer,
P.C. Shortly thereafter, my wife signed a Consent to also retain Dinkes and
Schwitzer.

~ 1 ~

**2.)**  In response, my former Attorney Joseph Campisi indicated that he cannot release my file without the consent of the Trustee Robert L. Geltzer and The Law Offices of Robert L. Geltzer (Attorneys for the Trustee). This court should be aware that my previous Attorneys never were requested by the Trustee to produce any Documents for the three years that Joseph Campisi was our Attorney. In addition, the Trustee never indicated to them, me, my wife, or this Honorable Court that the Trustee controls my wife's derivative action until September 23, 2013.

**3.)**  A cursory review of my wife's Bankruptcy Docket indicates she was discharged on 6/14/2011, with no timely objections made by the Trustee and or any of the other Claimants/Creditors in her case. The last day to oppose discharge or dischargeability was 6/13/2011, (2 years and 4 months ago). In fact the major claimant in her Bankruptcy Case, Roc Le Triomphe Associates LLC, acknowledges her Bankruptcy Discharge in a Letter dated June 15th 2012 to Supreme Court Justice Donna Mills which language also is contained in a Court Order dated 6/21/2012 and filed on October 15, 2013. Attached hereto and incorporated by reference as **EXHIBIT 1** is the Letter dated June 15th 2012 and the subsequent Court Order which memorializes the major Claimant's acknowledgement of her Bankruptcy Discharge one year after.

**4.)**  In addition, Attorney Mark E. Bruh (Law Offices of Robert L. Geltzer) acknowledged at the Creditors hearing on 4/12/2011 that the derivative claim of my wife for Loss of Consortium is "negligible" and also exempt from her estate. Trustee Robert L. Geltzer never objected to her derivative claim and in fact never stated said claim as part of the Bankruptcy Trustee's requirement to do so within 30 days of her Bankruptcy Discharge. It should be noted that the Trustee and Trustee's Attorney, Mark E. Bruh and the major creditor's Law Firm, Kucker and Bruh, needs to disclose if a conflict exists by virtue of their last names or for other reasons unknown.

**5.)**  The Trustee Robert L. Geltzer has in addition failed and refused to deliver to my Wife the Documents shown/given to him at the Creditor's Hearing by the Law Firm of Kucker and Bruh. Said evidence was withheld and not produced by

Kucker and Bruh at the Trial in Landlord/Tenant Court by which they obtained their fraudulent Judgment. Attached hereto and incorporated by reference is **EXHIBIT 2,** Letter to Robert L. Geltzer, U.S. Bankruptcy Trustee dated June 4, 2012, to which he never responded, to date.

**6.)** On July 20th 2013, my Attorneys Dinkes and Schwitzer filed an Order to Show Cause before Supreme Court Justice Joan A. Madden. Attached hereto and incorporated by reference is the Order to Show Cause as **EXHIBIT 3**.

**7.)** On October 15, 2013 and November 5, 2013 an Affirmation in Opposition was filed by my Former Law Firm Schwartz, Goldstone and Campisi. Attached hereto and incorporated by reference is the Affirmation in Opposition dated November 5th and November 15th, 2013 as **EXHIBIT 4** (which are identical but with both the original Case Number and the new Case number which was filed with a new index No.156478/13 with a new fee paid to get my file transferred to my new Attorneys Dinkes and Schwitzer).

**8.)** On October 23, 2013 my spouse, Alevtina Dick, filed a Letter with your Honor **[ECF#56]** and in response, your Courtroom Deputy filed a Notice of Hearing dated October 24, 2013 --to occur on December 4, 2013 before your Honor at 3:00pm. Trustee Robert L. Geltzer received both my wife's Letter and this Honorable Courts Notice of Hearing—of which he has not responded to in writing.

**9.)** Thereafter and unbeknownst to me, my spouse and my current Attorneys, Trustee Robert L. Geltzer had an ex-parte conversation with Supreme Court Justice Manuel Mendez in regard to my Personal Injury File Index No. 112435/09, pending with the Supreme Court of the State of New York, County of New York, which resulted in the Order as contained within **EXHIBIT 5** incorporated by reference and attached hereto.

**10.)** That Trustee Robert L. Geltzer was aware of the hearing before your Honor that will occur on December 4, 2013—yet he elected not to wait for the hearing before your Honor, and in addition did circumvent filing a Motion in your Court or filing a Motion in the Supreme Court, yet he was able to obtain an Order from the Supreme Court Justice in my Personal Injury Case to obtain the "legal" file of my

spouse Alevtina Dick. He improperly prevented my case file from being transferred to my new counsel. In my belief, the Trustee acted with no Jurisdictional Authority and/or Legal basis to do so. In fact, I believe it is illegal and ethically improper to engage in such behavior, as is ex-parte discussions with a Supreme Court Judge who is the presiding Judge in my Personal Injury Action.

**11.)** Trustee Robert L. Geltzer was aware or should have been aware by virtue of the Letter dated October 23, 2013 to your Honor **[ECF # 56],** that my Personal Injury File only contains my Private Medical Records, my Depositions and Information protected by my Attorney-Client Privilege. Yet Robert L. Geltzer zealously continued to pursue an unethical, illegal and wholly improper course of action utilizing his Trustee status in ex-parte private conversations with a Supreme Court Justice thereby prejudicing me, my wife and my Attorneys in the prosecution of my Personal Injury Case for the last 5-6 months.

**12.)** On November 5, 2013 my new Attorneys filed a Reply Affirmation which is attached hereto and incorporated by reference as **EXHIBIT 6.**

**13.)** On November 6, 2013, the date of the Show Cause Hearing, the Supreme Court Justice rendered an Order which is attached hereto and incorporated by reference as EXHIBIT 5. My wife's "Legal File" consists of a retainer agreement with both our original Attorney(s). There was no intake sheet with either of those Law Firms.

Judge Lord, please be aware that I survived a very serious car accident in which I was the passenger, on May 16, 2009. I have suffered and undergone years of therapy in an attempt to correct the physical, mental and financial damage inflicted upon me. Within the last year I have undergone two (2) major surgeries (Urinary Bladder Cancer and Lumbar Back Fusion) as a result of the car accident. In the next few months I will be having major surgery on my Neck and Foot, also caused by the car accident.

The malicious threats, harassment and unlawful acts that have been committed by the Trustee has caused me great emotional distress and has both negatively

affected my recovery and current preparation for my next surgeries. My wife is my sole caretaker and has also been negatively affected by the Trustee's action(s).

I believe the aforementioned acts are contrary to Federal Law, State Law, The New York Rules of Professional Conduct, and the Chief Judges Standards for Civility under Administrative Order #568, dated October 28th, 2010. The Trustee may have committed other illegal & unethical acts of which I am currently unaware.

Judge Lord I am respectfully requesting that the Trustee Robert L.Geltzer and the the Trustee's Law Firm, Law Offices Robert L. Geltzer be held accountable for his behavior and that he testify under oath in regard to his actions complained herein.

In addition, I respectfully request that an Order be issued that Trustee Robert L. Geltzer has no interest in and/or right to have ex-parte or any discussions in regard to my Personal Injury Case and that my entire Legal File including my wife's Legal File be turned over to our Attorney's Dinkes and Schwitzer, P.C. Attn: William Schwitzer & William R. Hamel.

Please be advised that Dinkes and Schwitzer and I will be attending your hearing on December 4, 2013 at 3:00pm and respectfully request that the issues I have raised in this letter will be taken up for consideration in addition to the issues raised by my wife as contained in her letter to you**[ECF#56]**, since they have become the same issue as a direct result of Trustee Robert L. Geltzer's acts.

Judge Lord, I thank you for your attention and consideration.

Respectfully yours,

Leslie Dick

917.362.7111

114-06 Queens Blvd. C8

Forest Hills, New York 11375

Cc: Robert L. Geltzer, Trustee
    Dinkes and Schwitzer, P.C.
    Schwartz, Goldstone and Campisi
    U.S. Bankruptcy Clerk

KUCKER & BRUH, LLP

**SUPREME COURT OF THE STATE OF NEW YORK— NEW YORK COUNTY**

PRESENT :  __DONNA M. MILLS__          PART ___58___

_Justice_

ROC LE TRIOMPHE ASSOCIATES, LLC,                    INDEX NO.    101928/12

Petitioner,                    MOTION DATE_____

-against-                    MOTION SEQ. NO. 001

DAVID PODELL,

Defendant.                    MOTION CAL NO._____

RECEIVED
JUN 28 2012
MOTION SUPPORT OFFICE
NYS SUPREME COURT-CIVIL

The following papers, numbered 1 to _____ were read on this motion _____.

PAPERS NUMBERED

Notice of Motion/Order to Show Cause-Affidavits– Exhibits....    _____

Answering Affidavits– Exhibits_____    _____

Replying Affidavits_____    _____

CROSS-MOTION: _____ YES ___✓___ NO

This Court's decision and Order dated March 29, 2012 is vacated and

Petitioner's motion is decided as follows:

Petitioner seeks an Order directing David Podell, a civil defendant in a personal

injury action filed by judgment debtors, Leslie Dick and Alevtina Dick, to turn over any

settlement or judgment arising from that lawsuit to Petitioner herein up to the amount of

$114,700 to satisfy a judgment previously rendered against the judgment debtors in the

Civil Court of the City of New York.

Accordingly, the Petition is granted on default to the extent that it is

_— EXHIBIT 1 —_

ORDERED and ADJUDGED that settlement or judgment entered against Respondent David Podell for a monetary amount in the New York County Supreme Court action (Index No. 112435/09) entered in favor of Mr. Leslie Dick only on his claim for damages for his injuries, but not any such amount entered in favor of Ms. Alevtina Dick on her separate claim for loss of consortium, shall instead be entered in favor of the Petitioner in partial or full satisfaction of the unpaid judgment against the Judgement Debtors, Leslie Dick and Alevtina Dick, and that the Respondent turn over to Roc Le Triomphe Associates, LLC, the Petitioner herein, any such judgment or settlement in favor of Mr. Leslie Dick only in a sum not less than one hundred and fourteen thousand and seven hundred dollars plus any accrued interest, being the amount required to satisfy the judgment entered in the action between Roc Le Triomphe Associates, LLC, as Petitioner and Judgment Creditor and Leslie Dick and Alevtina Dick, as Judgment Debtors, and it is further

ADJUDGED that upon turnover of such funds, the Respondent David Podell shall be discharged of all liability on this account to the extent of payment made.

Dated: _____ 6/21/12 _____          DONNA McMILLS, J.S.C.

Check one:  ✓ FINAL DISPOSITION    ____ NON-FINAL DISPOSITION

Norman Goodman
Clerk

**FILED**

OCT 15 2013

COUNTY CLERK'S OFFICE
NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ROC LE TRIOMPHE ASSOCIATES LLC,

Petitioner,

-against-

ALEVTINA DICK and LESLIE DICK
245 East 58th Street
Apartment # PH-D
New York, New York 10022

Respondent-Tenant.

*order and*

## JUDGMENT

### KUCKER & BRUH, LLP

Attorneys for

PETITIONER

**FILED**

747 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 869-5030

OCT 15 2013
AT 2:14 PM
N.Y. CO. CLK'S OFFICE

Please refer all communications to:   Tanya M. Owens   Esq.

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated:   October 14, 2013          Signature _____

Print Signer's Name   Tanya M. Owens, Esq.

Service of a copy of the within                                    is hereby admitted.

Dated:

Attorney(s) for

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on                    20

☐ NOTICE OF SETTLEMENT

that an Order of which the within is a true copy will be presented for settlement to the
Hon.                              , one of the judges of the within-named Court,
at
on                    20          , at              M.

Dated:

### KUCKER & BRUH, LLP

Attorneys for

747 THIRD AVENUE
NEW YORK, NEW YORK 10017

To:

Attorney(s) for

STATE OF NEW YORK, COUNTY OF                                    ss.

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ Attorney's Certification

certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for

☐ Attorney's Verification by Affirmation

I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information
and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon
knowledge, is based upon the following:

The reason I make this affirmation instead of                        is

I affirm that the foregoing statements are true under penalties of perjury.

Dated:                                                                 _____
                                                                      (Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF                                    ss.

                                    being sworn says: I am

☐ Individual Verification

in the action herein. I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
information and belief, and as to those matters I believe them to be true.

☐ Corporate Verification

the                        of
a corporation, one of the parties to the action. I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                        , 20

                                                                      _____
                                                                      (Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF New York                          ss.

Arielle Russell being sworn says: I am not a party to the action, am over 18 years

age and reside at Kings County, New York

On October 16                        2013 I served a true copy of the annexed    Notice of Entry
                                    in the following manner:

☒ By Mail

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service
addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address
has been designated, is the last known address of the addressee(s).

☐ Personal Service

by delivering the same personally to the persons at the address indicated below.

☐ Service by Facsimile

by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that
purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received
and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the
U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the
addressee(s) or, if no such address has been designated, is the last known address of the addressee(s).

☐ Service by Electronic Means

by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter
heading that the matter being transmitted electronically is related to a court proceeding.

☐ Overnight Delivery Service

by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the
addressee(s) for that purpose or, if none is designated, to the last known address of addressee(s). Said delivery was made prior to the latest
time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

David Podell                Hoey, King, Toker & Epstein    Leslie Dirk and Aleutha Dirk    Dinkes & Schwitzer P.C.
7 East 78th Street         55 Water St, 29th Floor        114-06 Queens Blvd, Apt C8     Attn: William R. Hamel, Esq.
New York, NY 10021         New York, NY 10041             Queens, NY 11375               112 Madison Avenue
                                                                                          New York, NY 10016

                           Leslie Dirk Worldwide LTD
                           Attn: Leslie Dirk and Aleutha Dirk
                           60 East 42nd St, Suite 1166
                           New York, NY 10165

Sworn to before me on  October 16        20 13

_____
REBEKAH LYNNE JOHNSON                                        _____

*Index No.* _____    *Year 20* ____

101928/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ROC LE TRIOMPHE ASSOCIATES LLC,

Petitioner,

-against-

DAVID PODELL,

Respondent.

**F I L E D**

**OCT 17 2013**

**COUNTY CLERK'S OFFICE
NEW YORK**

## NOTICE OF ENTRY

### KUCKER & BRUH, LLP

*Attorneys for*    PETITIONER

747 THIRD AVENUE
NEW YORK, NEW YORK 10017
(212) 869-5030

*Please refer all communications to:* Tanya M. Owens    *Esq*

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:*    October 16, 2013    *Signature* _____

    *Print Signer's Name* ____ Tanya M. Owens, Esq ____

*Service of a copy of the within*    *is hereby admitted.*

*Dated:*

    *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐
NOTICE OF
ENTRY    *that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within-named Court on*    20

☐
NOTICE OF
SETTLEMENT    *that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.* _____ *, one of the judges of the within-named Court,*
*at*
*on*    20    *, at*    *M.*

*Dated:*

**KUCKER & BRUH, LLP**

    *Attorneys for*

747 THIRD AVENUE
NEW YORK, NEW YORK 10017

*To:*

Jun. 15. 2012  6:04PM                                                    No. 0634   P. 2

# Kucker
# & Bruh, LLP
### ATTORNEYS AT LAW

747 THIRD AVENUE
NEW YORK, NY 10017

212-869-5030
FAX 212-944-5818
www.kuckerandbruh.com

SAUL D. BRUH                BRANDON S. GRIBBEN†
ALAN D. KUCKER             MARC J. BLOCK†
PATRICK K. MUNSON          TANYA M. OWENS
JAMES R. MARINO            JONATHAN I. MANN
NATIV WINIARSKY
ANDREW B. BITTENS†         OF COUNSEL:
WILLIAM D. HUMMELL         ABNER T. ZELMAN
JOHN M. CHURNEFTSKY        ROBERT H. BERMAN
CATHERINE A. HELWIG†       GREGG R. KURLANDER†
IVAN B. OKUN

                           †ALSO ADMITTED IN N.J.

June 15, 2012

<u>**BY FAX TO (212) 374-2295:**</u>
Hon. Donna Mills, J.S.C.
111 Centre Street, Room 545
New York, New York 10013

Re: <u>Roc Le Triomphe Associates, LLC v. Podell, Index No. 101928/12</u>

Dear Justice Mills:

My firm represents Roc Le Triomphe Associates, the Petitioner in the above-referenced proceeding. A default judgment had previously been submitted and signed in favor of the Petitioner against David Podell, the Respondent herein, which in relevant part directed the Respondent to pay over to the Petitioner the proceeds of any judgment or settlement awarded against him up to the amount of $114,700 in a certain personal injury action, titled <u>Dick v. Podell</u>, Index No. 112435/09, which had been brought against him by Mr. Leslie Dick and his wife, Ms. Alevtina Dick, who are judgment debtors of the Petitioner. No judgment has yet been entered in said personal injury action, and therefore no such payment has been made.

However, as Ms. Alevtina Dick has filed for bankruptcy and is currently a debtor in the chapter 7 bankruptcy case titled <u>In re Alevtina Dick</u>, chapter 7 case number 11-41682-nhl pending in the U.S. Bankruptcy Court for the Eastern District of New York, the judgment herein should have provided for the payment to the Petitioner of the proceeds of any judgment in the personal injury action *only* with respect to any judgment entered in favor of Mr. Leslie Dick on his claim for damages for his injuries, and *not* with respect to any judgment entered in favor of Ms. Alevtina Dick (who was not injured) on her separate claim for loss of consortium. We accordingly request that the following language be substituted for the decretal language of the previously signed judgment (which should be withdrawn), as follows:

"Accordingly, the Petition is granted on default to the extent that it is

ORDERED and ADJUDGED that settlement or judgment entered against Respondent David Podell for a monetary amount in the New York County Supreme Court action (Index No. 112435/09) *entered in favor of Mr. Leslie Dick only on his claim for damages for his injuries, but not any such amount entered in favor of Ms. Alevtina Dick on her separate claim for loss of consortium*, shall instead be entered in favor of the Petitioner in partial or full satisfaction of the unpaid judgment against the Judgment Debtors, Leslie Dick and Alevtina Dick, and that the Respondent turn over to Roc Le Triomphe Associates LLC, the Petitioner herein, any such judgment or settlement *in favor of Mr. Leslie Dick only* in a sum not less than one hundred and



fourteen thousand and seven hundred dollars plus any accrued interest, being the amount required to satisfy the judgment entered in the action between Roc Le Triomphe Associates, LLC, as Petitioner and Judgment Creditor and Leslie Dick and Alevtina Dick, as Judgment Debtors, and it is further

ADJUDGED that upon turnover of such funds, the Respondent David Podell shall be discharged of all liability on this account to the extent of payment made."

Please do not hesitate to contact us if you have any questions or comments regarding the enclosed. Thank you for your assistance in this matter.

Very truly yours,

Abner T. Zelman

Cc: Richard Freire, Esq. (by fax)
    Hoey King Epstein Prezioso & Marquez

June 4, 2012

Mr. Robert L. Geltzer                                    **via Fax & Hand Delivered**
U.S. Bankruptcy Trustee
1556 Third Avenue
New York, NY 10128
212.410.0100
212.410.0400(fax)

**Re:  Request for Audio/Documents from Creditors Hearing on 4/12/2011**
       **Case No. 1-11-41682-nhl**

Dear Mr. Geltzer:

1) Can you please provide the audio for the Creditors Hearing held on 4/12/2011.  In addition
can you please provide copies of the Document(s) presented to you by the Law Firm of Kucker
and Bruh at that Creditors Hearing. I will have them picked up on Tuesday, June 5, 2012.

2) Please be advised that the Kucker and Bruh Law Firm represented to the Judge in
Landlord/Tenant Court that they produced all Subpoenaed Documents during the Trial. However
it appears that they did not, since those specific Documents are not in the Trial Documents
and/or Exhibits, nor do I have a copy of them.

3) Please confirm the Hearing Date, Time and Location for the June 18th Hearing. I will be
requiring a Russian interpreter, as I did not need one prior since my previous Attorney spoke
both Russian and English.  Thank you.

                                                Very truly yours,


                                                Alevtina Dick/translated
                                                114-06 Queens Boulevard
                                                Apt. C-8
                                                New York, New York 11375

— EXHIBIT Q —

RECEIVED NYSCEF: 07/22/2013

SCEF DOC. NO. 7

At an IAS Part    , of the Supreme Court of the State of New York, held in and for the County of New York, at the County Courthouse, located at 60 Centre Street, New York, New York, on the *20* day of *July* 2013.

P R E S E N T :   **HON. JOAN A. MADDEN**

HON.               **J.S.C.**

Justice

================================================

LESLIE DICK,

           Petitioner(s),

           -against-

To Compel prior attorney
To turn over legal file
To new counsel,
(SCHWARTZ, GOLDSTONE & CAMPISI, LLP)

           Respondent(s).

================================================

**ORDER TO SHOW CAUSE**

Index No.: *156478/13*

        Upon reading and filing the annexed Affirmation of WILLILAM R. HAMEL, ESQ., attorney for LESLIE DICK, dated July 15, 2013, with its supporting papers and upon all the pleadings and proceeding had herein,

        SCHWARTZ, GOLDSTONE & CAMPISI, LLP, show cause at Supreme Court, New York County, Part *11*, Room *351* thereof, to be held at the Courthouse, 60 Centre Street, New York, New York, on the *20th* day of *August*, 2013, at *9:45* o'clock in the forenoon of that day or as soon thereafter as counsel can be heard,

        WHY an Order should not be granted and entered herein ordering the SCHWARTZ, GOLDSTONE & CAMPISI, LLP to turn over the legal file of the matter concerning LESLIE DICK, to DINKES & SCHWITZER, P.C. whom have been substituted as attorneys in place

*EXHIBIT 3*

of said law office by LESLIE DICK.

SUFFICIENT cause appearing therefore, let service of a copy of this order, together with the Affirmation and supporting papers attached, upon SCHWARTZ, GOLDSTONE & CAMPISI, LLP located at 90 Broad Street, Suite 403, New York, NY 10004, by certified mail return receipt requested on or before the 25 day of July, 2013, be deemed good and sufficient service.

E N T E R

J.S.C.

HON. JOAN A. MADDEN
J.S.C.

Opposition papers shall be served by _____.
Reply paper, if any, shall be served by _____.
All papers shall be served, so received, by the above dates and shall be e-filed, if applicable, with hard copies to be filed with the Clerk of Part 11 at least three days prior to the return date.
Oral argument is required.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
=======================================
LESLIE DICK,

              Petitioner(s),        **PETITION**

                                    Index No.:

       -against-

To Compel prior attorney
To turn over legal file
To new counsel,
(SCHWARTZ, GOLDSTONE & CAMPISI, LLP)

              Respondent(s).

=======================================

      WILLIAM HAMEL, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the truth of the following under the penalties of perjury:

      1.    That on July 8, 2013, the Law Office of Dinkes & Schwitzer, P.C. was retained by the Plaintiff, LESLIE DICK to prosecute a negligence action on his behalf.

      2.    That on July 8, 2013, LESLIE DICK executed a Consent to Change Attorney form substituting your affirmant's office for his former attorney, SCHWARTZ, GOLDSTONE & CAMPISI, LLP, and this consent form was forwarded by facsimile and certified mail to said law office along with a correspondence advising him to take no further action on the case and to provide affirmant's office with a list of disbursements. (Copies of which are attached hereto as Exhibit "A").

3.    That this action arises from an accident which occurred on May 16, 2009, at which time LESLIE DICK was caused to sustained serious personal injuries.

4.    That LESLIE DICK wishes the case and the file regarding this matter be transferred, immediately, to the affirmant's office.

5.    That despite the acknowledged receipt of the Consent to Change Attorney form by the SCHWARTZ, GOLDSTONE & CAMPISI, LLP, said office has failed to turn over the files to your affirmant's office.

6.    That your affirmant has made numerous telephone calls to respondent's office inquiring about said file and to date said file has not been turned over.

7.    That incoming counsel, Dinkes & Schwitzer is ready and willing to pay any disbursements incurred by the outgoing counsel.

8.    However, it is requested that this Court grant an Order directing that the outgoing attorney immediately transfer the entire contents of the file of the plaintiff LESLIE DICK to his new counsel.    It is further requested that any lien that the outgoing attorneys have in regard to attorneys fees be held in abeyance pending the resolution of this matter by settlement or

judgment.

9.   No prior application has been made for the release requested herein.

**WHEREFORE,** your affirmant respectfully requests that this Court grant an Order directing the law office of SCHWARTZ, GOLDSTONE & CAMPISI, LLP, to turn over the entire file regarding LESLIE DICK, immediately, to the affirmant's office, and for the Court to direct that any attorneys fees be held in escrow and that the attorneys are to distribute the fees by agreement, and in the event that no agreement can be reached that the Court set this matter down for a hearing at the conclusion of the case to determine the equitable distribution of attorneys fees earned in this matter and for such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         July 15, 2013

_____
WILLIAM HAMEL

# EXHIBIT "A"

# Dinkes & Schwitzer, P.C.
### ATTORNEYS-AT-LAW

WILLIAM SCHWITZER

WILLIAM R. HAMEL
BETH M. DIAMOND
DENNIS A. BREITNER
JOHN C. MERLINO

ANDREA M. ARRIGO
JEFFREY B. BROMFELD
JACOB GALPERIN
RAPHAEL RYBAK
ELLEN SUNDHEIMER
JONATHAN E. GOLD
LAURENCE D. ROGERS

WILLIAM DINKES
(1942-2007)

MARC R. MAUSER
OF COUNSEL

HERBERT G. LINDENB
OF COUNSEL

RAUL P. MERUELO
OF COUNSEL

FAX: 212/685-23

112 Madison Avenue • New York, N.Y. 10016 • 212/685-7800

July 8, 2013

Schwartz, Goldstone & Campisi, LLP
90 Broad Street, Suite 403
New York, NY 10004

Re: Leslie Dick
File No.: SRDS13-059
D/A: May 16, 2009

Dear Sirs:

Please be advised that we have been retained by the above named-mentioned client to represent his, in regard to his accident which occurred on May 16, 2009. Therefore, we ask that you stop all legal work on his behalf.

Kindly advise us of all legal disbursements on this file so that we may reimburse you and have the file transferred to our office.

If there are any additional questions, please feel free to contact the undersigned.

Very truly yours,

WILLIAM R. HAMEL

WRH/ap
Enclosures

Consent must be signed by attorney of record and signed and acknowledged by party. Type name beneath each signature.

COURT

COUNTY OF                                                            Index No. _____

LESLIE DICK

                                              Plaintiff(s)              CONSENT
                                                                        TO CHANGE
              against                                                   ATTORNEY

                                              Defendant(s)

IT IS HEREBY CONSENTED THAT

DINKES & SCHWITZER, P.C., 112 Madison Avenue, New York, NY 10016                    Esq.

of No.

be substituted as attorney(s) of record for the undersigned party(ies) in the above entitled action in place

and stead of the undersigned attorney(s) as of the date hereof.

Dated: July 8, 2013

................................................
LESLIE DICK

................................................
DINKES & SCHWITZER, P.C.

................................................
SCHWARTZ, GOLDSTONE & CAMPISI, LLP

................................................

STATE OF NEW YORK
COUNTY OF NEW YORK        } ss.:

        On the      8th      day of      July, 2013        , 19    , before me personally came

LESLIE DICK
to me known, and known to me to be the same person   described in and who executed the foregoing consent
and acknowledged to me that    he    executed the same.

................................................

ATHENIA A. PARKS
Commissioner of Deeds
City of New York, No. 4-6997
Cert. Filed in New York County
Commission Expires Aug. 1, 2013

July 8, 2013

Schwartz, Goldstone & Campisi, LLP
90 Broad Street, Suite 403
New York, NY 10004

Re: My Case
Date of Accident: 5/16/09

To Whom It May Concern:

Please be advised that I have retained the law firm of Dinkes & Schwitzer, P.C., 112 Madison Avenue, New York, N.Y. 10016, to be substituted in your place in connection with my case.

You are directed to turn over my complete file to Dinkes & Schwitzer, P.C., immediately. You are further directed to take absolutely no further action on my behalf.

Please call William Schwitzer at the office of Dinkes & Schwitzer, P.C. at (212) 685-7800 immediately to arrange to have my file picked up.

Do not call me or communicate with me in anyway. All further contact should be directed to Mr. Schwitzer.

Very truly yours,

USPS.com® - Track & Confirm

English        Customer Service        USPS Mobile                                    Register / Sign In

# USPS.COM

Search USPS.com or Track Packages

Quick Tools                    Ship a Package        Send Mail        Manage Your Mail        Shop        Business Solutions
Track & Confirm
Enter up to 10 Tracking #Find
Find USPS Locations
Buy Stamps
Schedule a Pickup
Calculate a Price
Find a ZIP Code™
Hold Mail
Change of Address
GET EMAIL UPDATES        PRINT DETAILS

## Track & Confirm

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70123460000136622407 | | Delivered | July 10, 2013, 1:17 pm | NEW YORK, NY 10004 | Certified Mail™ |
| | | Arrival at Unit | July 10, 2013, 6:45 am | NEW YORK, NY 10004 | |
| | | Processed through USPS Sort Facility | July 10, 2013, 1:19 am | NEW YORK, NY 10199 | |
| | | Depart USPS Sort Facility | July 10, 2013 | NEW YORK, NY 10199 | |
| | | Processed through USPS Sort Facility | July 9, 2013, 8:10 pm | NEW YORK, NY 10199 | |

**Check on Another Item**

What's your label (or receipt) number?

Find

LEGAL

Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

ON USPS.COM

Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

ON ABOUT.USPS.COM

About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

OTHER USPS SITES

Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2013 USPS. All Rights Reserved.



## U.S. Postal Service™
### CERTIFIED MAIL™ RECEIPT
**(Domestic Mail Only; No Insurance Coverage Provided)**

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  Schwartz, Goldston + Campisi, LLP
Street, Apt. No. or PO Box No.  90 Broad Street, Suite 403
City, State, ZIP+4  New York, NY 100

PS Form 3800, August 2006                    See Reverse for Instructions

7012 3460 0001 3662 2407

```
                    ┌─────────────────────────────────────┐
                    │  TRANSMISSION VERIFICATION REPORT    │
                    └─────────────────────────────────────┘

                                        TIME  : 07/10/2013 02:21
                                        NAME  : DINKES&SCHWITZER
                                        FAX   : 1
                                        TEL   : 2126859405
                                        SER.# : BROL2V418770
```

```
┌─────────────────────────────────────────────────────────────────┐
│   DATE,TIME            07/10  02:21                                │
│   FAX NO./NAME         12123852308                                │
│   DURATION             00:00:37                                    │
│   PAGE(S)              03                                          │
│   RESULT               OK                                          │
│   MODE                 STANDARD                                    │
│                        ECM                                        │
└─────────────────────────────────────────────────────────────────┘
```

# Dinkes & Schwitzer, P.C.

ATTORNEYS-AT-LAW

112 Madison Avenue • New York, N.Y. 10016 • 212/685-7800

WILLIAM SCHWITZER

WILLIAM R. HAMEL
BETH M. DIAMOND
DENNIS A. BREITNER
JOHN C. MERLINO

ANDREA M. ARRIGO
JEFFREY B. BROMFELD
JACOB GALPERIN
RAPHAEL RYBAK
ELLEN SUNDHEIMER
JONATHAN E. GOLD
LAURENCE D. ROGERS

WILLIAM DINKES
(1942-2007)

MARC R. MAUSE
OF COUNSEL

HERBERT G. LINDENE
OF COUNSEL

PAUL P. MERUEL
OF COUNSEL

FAX: 212/685-2

July 8, 2013

Schwartz, Goldstone & Campisi, LLP
90 Broad Street, Suite 403
New York, NY 10004

Re: Leslie Dick
File No.: SRDS13-059
D/A: May 16, 2009

Dear Sirs:

Please be advised that we have been retained by the above named-mentioned client to represent his, in regard to his accident which occurred on May 16, 2009. Therefore, we ask that you stop all legal work on his behalf.

Kindly advise us of all legal disbursements on this file so that we may reimburse you and have the file transferred to our office.

If there are any additional questions, please feel free to contact the undersigned.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X

LESLIE DICK,

                            Petitioner,

              -against-

To compel prior attorney to turn over legal file to new
counsel,
(Schwartz, Goldstone & Campisi, LLP),

                         Respondent.

-----------------------------------------------------------------------X

**AFFIRMATION
IN OPPOSITION**

Index No.: 156478/13

          Tara M. Kennedy, an attorney duly admitted to practice before the courts of this State,

and an associate of SCHWARTZ GOLDSTONE & CAMPISI, LLP, attorneys for plaintiff(s), affirms

the following to be true under penalty of perjury:

        1.      I am fully familiar with all of the pleadings and proceedings had in this matter

previously, and make this affirmation in opposition to the motion by DINKES & SCHWITZER, P.C.

to order the law firm SCHWARTZ, GOLDSTONE & CAMPISI, LLP to turn over the legal file on

the matter concerning plaintiff Leslie Dick.

        2.      On August 20, 2013 your affirmant appeared on the instant motion before Judge

Madden.  I advised the attorney who appeared on behalf of Dinkes & Schwitzer, P.C. that the

plaintiff's wife, Alevtina Dick, is also a plaintiff in the action and there was a Bankruptcy Trustee

assigned to the matter and that the Trustee's consent was necessary in order for us to turn over the

file.

        3.      The Bankruptcy Trustee is Robert L. Geltzer, whose information I gave to counsel at

the last court appearance.  On September 20, 2013, our office received correspondence from Mr.

Geltzer, indicating that our office is acting as his special personal injury counsel in connection with

*— EXHIBIT 4 —*

the Dicks' personal injury lawsuit. Contrary to Dinkes & Schwitzer's position that the bankruptcy

has been discharged, Mr. Geltzer continues to serve as Trustee. As indicated in his letter, our office

is under a fiduciary duty to the Estate, not Alevntina Dick.  *See*, copy of correspondence annexed

hereto as **Exhibit "A"**.

4.      In response, our office advised Mr. Geltzer that Dinkes & Schwitzer is attempting to

substitute our office as personal injury counsel on this matter and forwarded to him copies of Dinkes

& Schwitzer's Order to Show Cause. *See*, copy of correspondence annexed hereto as **Exhibit "B"**.

5.      Upon consent of the Bankruptcy Trustee, payment of our disbursements, and an

agreement that our office shall have a lien for attorney's fees, which shall be determined at the

resolution of this matter, our office will gladly turn over the legal file.

WHEREFORE, affirmant respectfully requests that the within motion be in all respects

denied as argued above, together with such other, further, and different relief as to this Court seems

just and proper.

DATED:      New York, New York
            October 15, 2013

                                    Tara M. Kennedy

# EXHIBIT A

LAW OFFICES OF

# ROBERT L. GELTZER

1556 THIRD AVENUE
NEW YORK, NEW YORK 10128
(212) 410-0100

FACSIMILE (212) 410-0400

## TELECOPY TRANSMITTAL LETTER

DATE:    September 20, 2013 _____          TIME: _____

TO:      Joseph Campisi, Esq. _____        **BY FAX ONLY**

FAX NO.:  (212) 385-2308 _____

FROM:    ROBERT L. GELTZER _____

RE:      Alvetina Dick - Case No. 11-41682 (NHL) -- Your File No. 3368

REMARKS: I HAVE WRITTEN TO YOU <u>SEVERAL</u> TIMES IN CONNECTION WITH THE ABOVE
CASE WHERE I SERVE AS FEDERAL BANKRUPTCY TRUSTEE AND YOU HAVE
BEEN ACTING AS MY SPECIAL PERSONAL INJURY COUNSEL.

I AM TRYING TO CONTINUE THAT RELATIONSHIP. HOWEVER, I AM YOUR CLIENT
(OR SEEKING TO RETAIN YOU), AND HAVE A FIDUCIARY DUTY TO THE ESTATE,
THE UNITED STATES TRUSTEE'S OFFICE AND THE COURT, AND NEED YOUR
RESPONSE.

THUS, IF I DO NOT HAVE YOUR RESPONSE BY TOMORROW, I SHALL MOVE
BEFORE THE BANKRUPTCY COURT FOR YOU TO TURN THE ENTIRE FILE OVER
TO ME.

Very truly yours,

/s/ Robert L. Geltzer

Robert L. Geltzer

TOTAL NO. PAGES INCLUDING THIS TRANSMITTAL SHEET:    1 _____

The information contained in this facsimile message is confidential information intended only for use of the individual or entity named
above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended
recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you

C:\WPDIRS\BANKFORM\PI-FINAL-DEMAND.FAX

# EXHIBIT B

# SCHWARTZ GOLDSTONE & CAMPISI, LLP

ATTORNEYS AT LAW
90 Broad Street · Suite 403
New York, New York 10004
—
(212) 962-2800
Fax (212) 385-2308
—
www.sgcfirm.com

Mordecai T. Schwartz
Bruce H. Goldstone *
Joseph Campisi
David A. Kates
Herbert Rodriguez °
Tara M. Kennedy °

Counsel
Joel A. Reback

\* Retired
° Admitted in NY & NJ

September 23, 2013

**Transmission via fax at (212)410-0100 and regular mail**
Law Offices of Robert L. Geltzer
1556 Third Avenue
New York, New York 10128

           Re:    Alevtina Dick – Case No. 11-41682(JBR)
                    Dick v. Podel – Index No. 112435/09
                    <u>Our File No. 3368</u>

Dear Mr. Geltzer:

      As you were advised the office of Dinkes & Schwitzer, P.C has "substituted" this office first for Leslie Dick and then, when advised of the of your role as the Bankruptcy Trustee, then Alevtina Dick.

      Enclosed please find copies of the Order to Show Cause and a correspondence from Dinkes & Schwitzer, P.C. dated August 27, 2013. We have repeatedly advised the Dinkes office to obtain your consent and to be retained by you so that we may transfer file. Their position, as outlined in their letter of August 27, 2013 is that your consent is not needed. The Order to Show Cause dealing with this issue was adjourned to November 6, 2013.

      Please advise how you want this office to proceed.

      Thank you.

                        Very truly yours,

                        SCHWARTZ GOLDSTONE & CAMPISI, LLP

                        Joseph Campisi, Esq.

JC/kz
Enclosure

## AFFIDAVIT OF SERVICE BY MAIL

Index No.: 156478/2013

| | |
|---|---|
| STATE OF NEW YORK | } |
| | } ss: |
| COUNTY OF NEW YORK | } |

   **Kathy Zaprudskiy**, being duly sworn, deposes and says: I am not a party to this action, I am over 18 years of age and reside in Kings County, State of New York.

   That on the 15th day of October, 2013, I served the within

## AFFIRMATION IN OPPOSITION

Upon: Dinkes & Schwitzer, P.C.
112 Madison Avenue
New York, New York 10016

at the address designated by said attorney(s) for that purpose, by depositing a true copy of same securely enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York.

_____
Kathy Zaprudskiy

Sworn to before me this 15th day of October, 2013

_____
Notary Public

Nadezhda Kravchenko
Commissioner of Deeds, City of New York
No. 5-1644
Cert. Filed in New York County
Commission Expires on December 1, 20 15
January

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
LESLIE DICK AND ALEVTINA DICK,

                       Plaintiffs,

          -against-

DAVID PODELL,

                   Respondent.
-----------------------------------------------------------------------X

**AFFIRMATION
IN OPPOSITION**

Index No.: 112435/09

       Tara M. Kennedy, an attorney duly admitted to practice before the courts of this State, and an associate of SCHWARTZ GOLDSTONE & CAMPISI, LLP, attorneys for plaintiff(s), affirms the following to be true under penalty of perjury:

      1.     I am fully familiar with all of the pleadings and proceedings had in this matter previously, and make this affirmation in opposition to the motion by DINKES & SCHWITZER, P.C. to order the law firm SCHWARTZ, GOLDSTONE & CAMPISI, LLP to turn over the legal file on the matter concerning plaintiffs Leslie and Alevtina Dick.

      2.     This is the second motion currently pending before Honorable Mendez seeking the same relief.

      3.     On August 20, 2013 your affirmant appeared on the instant motion before Judge Madden. I advised the attorney who appeared on behalf of Dinkes & Schwitzer, P.C. that the plaintiff's wife, Alevtina Dick, is also a plaintiff in the action and there was a Bankruptcy Trustee assigned to the matter and that the Trustee's consent was necessary in order for us to turn over the file.

      4.     The Bankruptcy Trustee is Robert L. Geltzer, whose information I gave to counsel at the last court appearance. On September 20, 2013, our office received correspondence from Mr.

Geltzer, indicating that our office is acting as his special personal injury counsel in connection with the Dicks' personal injury lawsuit.  Contrary to Dinkes & Schwitzer's position that the bankruptcy has been discharged, Mr. Geltzer continues to serve as Trustee.  As indicated in his letter, our office is under a fiduciary duty to the Estate, not Alevntina Dick.  *See*, copy of correspondence annexed hereto as **Exhibit "A"**.

5.     In response, our office advised Mr. Geltzer that Dinkes & Schwitzer is attempting to substitute our office as personal injury counsel on this matter and forwarded to him copies of Dinkes & Schwitzer's Order to Show Cause. *See*, copy of correspondence annexed hereto as **Exhibit "B"**.

6.     On October 19, 2013 we received correspondence from the Trustee that Dinkes & Schwitzer has been nonresponsive to his requests for additional information. *See*, copy of correspondence annexed hereto as **Exhibit "C"**.

7.     Upon consent of the Bankruptcy Trustee, payment of our disbursements, and an agreement that our office shall have a lien for attorney's fees, which shall be determined at the resolution of this matter, our office will gladly turn over the legal file.

WHEREFORE, affirmant respectfully requests that the within motion be in all respects denied as argued above, together with such other, further, and different relief as to this Court seems just and proper.


DATED:     New York, New York
           November 5, 2013

                                        _Tara M. Kennedy_____
                                        Tara M. Kennedy

# EXHIBIT A

09/20/2013  14:37    2124100400          ROBERT L GELTZER              PAGE 01/01

LAW OFFICES OF
## ROBERT L. GELTZER
1556 THIRD AVENUE
NEW YORK, NEW YORK 10128
(212) 410-0100

FACSIMILE (212) 410-0400

## TELECOPY TRANSMITTAL LETTER

DATE:  September 20, 2013                TIME: _____

TO:    Joseph Campisi, Esq.              **BY FAX ONLY**

FAX NO.:  (212) 385-2308 _____

FROM:  ROBERT L. GELTZER _____

RE:    Alvetina Dick - Case No. 11-41682 (NHL) -- Your File No. 3368

REMARKS:  I HAVE WRITTEN TO YOU SEVERAL TIMES IN CONNECTION WITH THE ABOVE
CASE WHERE I SERVE AS FEDERAL BANKRUPTCY TRUSTEE AND YOU HAVE
BEEN ACTING AS MY SPECIAL PERSONAL INJURY COUNSEL.

I AM TRYING TO CONTINUE THAT RELATIONSHIP. HOWEVER, I AM YOUR CLIENT
(OR SEEKING TO RETAIN YOU), AND HAVE A FIDUCIARY DUTY TO THE ESTATE,
THE UNITED STATES TRUSTEE'S OFFICE AND THE COURT, AND NEED YOUR
RESPONSE.

THUS, IF I DO NOT HAVE YOUR RESPONSE BY TOMORROW, I SHALL MOVE
BEFORE THE BANKRUPTCY COURT FOR YOU TO TURN THE ENTIRE FILE OVER
TO ME.

Very truly yours,

/s/ Robert L. Geltzer

Robert L. Geltzer

TOTAL NO. PAGES INCLUDING THIS TRANSMITTAL SHEET:  1

The information contained in this facsimile message is confidential information intended only for use of the individual or entity named
above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended
recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you

C:\WPDIRS\BANKFORM\PI-FINAL-DEMAND.FAX

# EXHIBIT B

# SCHWARTZ GOLDSTONE & CAMPISI, LLP

ATTORNEYS AT LAW
90 Broad Street · Suite 403
New York, New York 10004
—
(212) 962-2800
Fax (212) 385-2308
—
www.sgcfirm.com

Mordecai T. Schwartz
Bruce H. Goldstone *
Joseph Campisi
David A. Kates
Herbert Rodriguez °
Tara M. Kennedy °

Counsel
—
Joel A. Reback

* Retired
° Admitted in NY & NJ

September 23, 2013

**Transmission via fax at (212)410-0100 and regular mail**
Law Offices of Robert L. Geltzer
1556 Third Avenue
New York, New York 10128

               Re:    Alevtina Dick – Case No. 11-41682(JBR)
                        Dick v. Podel – Index No. 112435/09
                        <u>Our File No. 3368</u>

Dear Mr. Geltzer:

As you were advised the office of Dinkes & Schwitzer, P.C has "substituted" this office first for Leslie Dick and then, when advised of the of your role as the Bankruptcy Trustee, then Alevtina Dick.

Enclosed please find copies of the Order to Show Cause and a correspondence from Dinkes & Schwitzer, P.C. dated August 27, 2013. We have repeatedly advised the Dinkes office to obtain your consent and to be retained by you so that we may transfer file. Their position, as outlined in their letter of August 27, 2013 is that your consent is not needed. The Order to Show Cause dealing with this issue was adjourned to November 6, 2013.

Please advise how you want this office to proceed.

Thank you.

                        Very truly yours,

                        SCHWARTZ GOLDSTONE & CAMPISI, LLP

                        Joseph Campisi, Esq.

JC/kz
Enclosure

# EXHIBIT C

LAW OFFICES OF
## ROBERT L. GELTZER

1556 THIRD AVENUE
NEW YORK, NEW YORK 10128
(212) 410-0100

FACSIMILE (212) 410-0400

October 19, 2013

William R. Hamel, Esq.
Dinkes & Schwitzer, P.C.
112 Madison Avenue
New York, NY  10016

> Re:   **Alevtina Dick - Case No. 11-41682 (NHL)**
> **Dick v. Podell - Index No. 112435/2009**
> **Your File No. SRDS13-059**

Dear Mr. Hamel:

You have failed to respond to my September 25, 2013 letter by providing me with all information in connection with the Debtor's pre-petition personal injury action which is estate property and which I, as the Trustee for the estate, must administer, including liability, damages, and your professional estimate as to recovery.

If I do not have the information within the next three (3) days, I shall sue for the turnover of the file.

Very truly yours,

Robert L. Geltzer

RLG:ayh

cc:   Joseph Campisi, Esq (by fax only 212-385-2308)
      U.S. Bankruptcy Clerk (by ECF Filing)
      Alevtina Dick
      Justice Manuel J. Mendez (by fax only 212-884-8975)
      New York Supreme Court

## AFFIDAVIT OF SERVICE BY MAIL

Index No.: 112435/09

| | |
|---|---|
| STATE OF NEW YORK | } |
| | } ss: |
| COUNTY OF NEW YORK | } |

**Kathy Zaprudskiy**, being duly sworn, deposes and says: I am not a party to this action, I am over 18 years of age and reside in Kings County, State of New York.

That on the 5th day of November, 2013, I served the within

## AFFIRMATION IN OPPOSITION

Upon: Dinkes & Schwitzer, P.C.
112 Madison Avenue
New York, New York 10016

Hoey, King & Epstein
55 Water Street - 29th Floor
New York, New York 10041
(212) 612-4200

at the address designated by said attorney(s) for that purpose, by depositing a true copy of same securely enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York.

_____
Kathy Zaprudskiy

Sworn to before me this 5th day of November, 2013

_____
Notary Public

ZHANNA PISHNYUK
Notary Public, State Of New York
No. 01PI6074625
Qualified in Kings County
Commission Expires May 20, 20 14

WILLIAM SCHWITZER
—————
WILLIAM R. HAMEL
BETH M. DIAMOND
DENNIS A. BREITNER
JOHN C. MERLINO

ANDREA M. ARRIGO
JEFFREY B. BROMFELD
ELLEN SUNDHEIMER
LAURENCE D. ROGERS
HARPER A. SMITH
JORDAN S. FINKELSTEIN
ERIC FISHMAN
SHIBU J. JACOB
LINDA SIMMONS

# Dinkes & Schwitzer, P.C.

### ATTORNEYS-AT-LAW

112 Madison Avenue • New York, N.Y. 10016
Tel. 212/685-7800 • Fax 212/685-2356
www.dandsatlaw.com

WILLIAM DINKES
(1942-2007)

MARC R. MAUSER
OF COUNSEL

HERBERT G. LINDENBAUM
OF COUNSEL

379 SMITH ROAD
LAKE RONKONKOMA, N.Y. 11779

November 13, 2013

Robert Geltzer, Esq.
1556 Third Avenue
New York, N.Y. 10128

Re: Leslie and Alvetina Dick
Our File Number: SRDS13-059

Dear Mr. Geltzer:

Enclosed please find an Order dated November 6, 2013, signed by the Honorable Judge Manuel J. Mendez from the Supreme Court, County of New York directing the law office of Schwartz, Goldstone & Campisi, LLP to transfer the Alvetina Dick file to your firm.

Kindly contact the undersigned upon receipt of this correspondence so that we may discuss the transfer of the file to our office.

If you have any questions, please feel free to contact the undersigned.

Very truly yours,

William Hamel

WH:ap
Enc.

*EXHIBIT 5*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————————X

LESLIE DICK and ALEVTINA DICK,

                   Plaintiff,

    -against-

DAVID PODELL,

                   Defendants.

———————————————————————X

**ORDER WITH NOTICE OF ENTRY**

Index No.: 112435/09

COUNSELORS:

    PLEASE TAKE NOTICE THAT, the within is a certified true copy of an Oder dated

November 6, 2013 and filed in the Office of Supreme Court New York County Clerk on

November 6, 2013.

Dated: New York, New York
         November 13, 2013

                           Yours, etc.,

                           BY: WILLIAM R. HAMEL, ESQ.
                           DINKES & SCHWITZER, P.C.
                           Attorney for Plaintiff(s)
                           112 Madison Avenue
                           New York, NY 10016
                           (212) 685-7800
                           File No.: SRDS13-059

TO:    SCHWARTZ, GOLSTONE & CAMPISI, LLP
        Outgoing Attorney for Plaintiff(s)
        90 Broad Street, Suite 403
        New York, NY 10004

        HOEY KING EPSTEIN PREZIOSO
        Attorney for Defendant
        55 Water Street, 29th Floor
        New York, NY 10041

## SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:    __MANUEL J. MENDEZ__                          PART __13__
                                    *Justice*

_____
LESLIE DICK and ALEVTINA DICK,
                              Plaintiffs                    INDEX NO.    __112435/09__

              -Against-
DAVID PODELL,
                        Defendant.

                                                   MOTION DATE  __11-06-2013__

                                                   MOTION SEQ. NO.    __004__
                                                   MOTION CAL. NO.    _____

_____

The following papers, numbered 1 to  __5__  were read on this petition to compel transfer of file.

|                                                                    | PAPERS NUMBERED |
|--------------------------------------------------------------------|-----------------|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...   | 1-2,            |
| Answering Affidavits — Exhibits _____      | 3-4             |
| Replying Affidavits _____     | 5               |

# Cross-Motion:  ☐ Yes   X No

COPY

Upon a reading of the foregoing cited papers, it is ordered that this motion to compel the  transfer of legal file is granted to the extent stated herein.

Plaintiffs moves for an order compelling its attorneys Schwartz, Goldstone & Campisi, LLP to transfer the file in its possession for  the prosecution of plaintiff's personal injury action against Dick Podell,  to the Law firm of Dinkes & Schweitzer. Plaintiffs  signed a "Consent to Change Attorney" form which was served on its attorneys , but they have not transferred the file.

Plaintiff Alevtina Dick, who has asserted a derivative claim in the personal injury action  filed for Bankruptcy.  The refuses to transfer the file until it obtains a "Consent to Change" attorney from Alevtina Dick's  Bankruptcy Trustee. The Bankruptcy trustee has not given his consent to change attorneys because he is still waiting for a copy of the Personal Injury legal file, in order to review it before making any determination as to which attorney to retain for the prosecution of the action .  The Trustee has written both Plaintiff's incoming attorneys and the outgoing attorneys requesting  a copy of the file without any success.

Plaintiffs now move to compel the outgoing firm  to transfer the file, the outgoing firm opposes the transfer without the consent of the Trustee.

After filing for Bankruptcy Alevtina Dick lacked the capacity to prosecute her personal injury action because the action then becomes an asset of the Bankruptcy estate ( see Quinn v. Guerra, 26 A.D. 3d 872, 811 N.Y.S. 2d 238 [4th Dept. 2006]) and the trustee of the estate is vested with title to all of her property, including rights and choses in action ( Weiss v. Goldfeder, 201 A.D. 2d 644, 608 N.Y.S. 2d 242 [2nd. Dept.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

1994]), and legal or equitable interests of hers in property as of commencement of the case ( Coastal Mechanical Corp., v. Energists, Inc., 225 A.D. 2d 347, 639 N.Y.S. 2d 30[1st. Dept. 1996]).  Therefore, without the Trustee's consent the outgoing firm cannot transfer the file to Plaintiff's incoming counsel.  However, the Trustee will not consent to the transfer until he has been able to review the file and for this to occur a copy of the file must be transferred to the Trustee, who is the one vested with title to all of Alevtina Dick's property, including the personal injury case.

Accordingly,  it is hereby ORDERED that the motion is granted to the extent of DIRECTING the law firm of SCHWARTZ, GOLDSTONE & CAMPISI, LLP, to within 30 days from the date of service of a copy of this order with notice of entry,  transfer a copy of ALEVTINA DICK'S legal  file in its possession to the Trustee in Bankruptcy ROBERT L. GELTZER, ESQ. 1556 THIRD AVENUE NEW YORK, N.Y.  10128, and it is further

ORDERED that the parties are to appear on the personal injury action for a status conference in IAS Part 13 located at 71 Thomas Street, Room 210, on January 22, 2014 at 9:30 A.M.

COPY        Enter:

MANUEL J. MENDEZ
J.S.C.

Dated:    November 6, 2013    _____
                                Manuel J. Mendez
                                J.S.C.

**Check one:    FINAL DISPOSITION    X  NON-FINAL DISPOSITION**

**Check if appropriate:    ☐ DO NOT POST        ☐ REFERENCE**

AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF NEW YORK

I, Athenia A. Parks, being sworn, say: I am not a party to the action, am over 18 years of age and

reside in Queens County, New York.

On November 13, 2013, I served the within Order with Notice of Entry by depositing a true copy

thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and

custody of the U.S. Postal Service within New York State, addressed to each of the following

persons at the last known address set forth after each name:

TO:    SCHWARTZ, GOLSTONE & CAMPISI, LLP
       90 Broad Street, Suite 403
       New York, NY 10004

       HOEY KING EPSTEIN PREZIOSO
       55 Water Street, 29th Floor
       New York, NY 10041

                                        _____
                                        ATHENIA A. PARKS

Sworn to before me this
13th day of November, 2013

_____
NOTARY PUBLIC


KRISTINA M POLANCO
Notary Public, State of New York
No. 01PO6190926
Qualified in Westchester County
Commission Expires Jan. 10, 2017

Index No.: 112435/09
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
=======================================================
LESLIE DICK and ALEVTINA DICK,

                         Plaintiff,

        -v-


DAVID PODELL,


                         Defendants.
=======================================================
### ORDER WITH NOTICE OF ENTRY

=======================================================
### DINKES & SCHWITZER, P.C.
Attorney for Plaintiff
Office and Post Office Address, Telephone
112 Madison Avenue
New York, New York 10030
(212) 685-7800


=======================================================

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
==========================================X
LESLIE DICK and ALEVTINA DICK,               Index No. 112435/09

              Plaintiff,

         -against-                      **REPLY**
                                        **AFFIRMATION**

DAVID PODELL,
              Defendants.
==========================================X

     **WILLIAM R. HAMEL,** an attorney duly admitted to practice in the Courts of the State

of New York, under penalties of perjury, and pursuant to papers in a file maintained in this

office, affirms:

     1.     I am an associate of the law firm of DINKES & SCHWITZER, P.C., the attorneys

for the plaintiff and I am fully familiar with the facts and circumstances surrounding this action.


     2.     This affirmation is submitted in reply to plaintiffs' prior counsels affirmation in

opposition to our motion and in support of our motion to compel the turnover of the Leslie Dick and

Alevtina Dick file.


     3.     Contrary, to prior counsel assertions, the United States Bankruptcy Court granted a

discharge of the debtor Aletina Dick on June 14, 2011, thereby apparently discharging the

Bankruptcy Court of any further obligations to Mrs. Dick, and thereby allowing for an immediate

transfer of the aforementioned file. See attached hereto as Exhibit "A"


     4.     Consequently the Law offices of Schwartz, Goldstone & Campisi should immediately

turn over the file of plaintiff Leslie Dick and Alevtina Dick.


*—EXHIBIT 6 —*

Dated: New York, New York
       November 5, 2013

                        Yours, etc.,
                        DINKES & SCHWITZER, P.C.
                        BY:

                        WILLIAM HAMEL, ESQ.
                        Attorney(s) for Plaintiff
                        112 Madison Avenue
                        New York, New York 10016
                        (212) 683-3800
                        File No.: SRDS13-059

To:    Law offices of Schwartz Goldstone & Campisi
       Prior Attorneys for Plaintiffs
       90 Broad Street, Suite 403
       New York, NY 10004

       HOEY KING EPSTEIN PREZIOSO
       Attorneys for Defendant(s)
       55 Water Street, 29th Floor,
       New York, NY 10041

# EXHIBIT "A"

Form B18 (Official Form 18)(12/01/2007)

# United States Bankruptcy Court

### Eastern District of New York
271 Cadman Plaza East, Suite 1595
Brooklyn, NY 11201–1800

IN RE:                                                                CASE NO: 1-11-41682-jbr

Alevtina Dick

114–06 Queens Blvd, C8
Forest Hills, NY 11375

Name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address.

Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.:                    CHAPTER: 7

xxx–xx–2025

DEBTOR(s)

## DISCHARGE OF DEBTOR(S)

It appearing that the debtor(s) is entitled to a discharge,

**IT IS ORDERED:**

The debtor(s) is granted a discharge under Section 727 of Title 11, United States Code, (the Bankruptcy Code),

BY THE COURT

Dated: June 14, 2011                           s/ Joel B. Rosenthal
                                               United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

STATE OF NEW YORK,

COUNTY OF NEW YORK

    I, ATHENIA A. PARKS, being sworn, say: I am not a party to the action, am over 18 years of age and reside at Queen, New York. On November 5, 2013, I served the within **REPLY AFFIRMATION** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

        Law offices of Schwartz Goldstone & Campisi
        Prior Attorneys for Plaintiffs
        90 Broad Street, Suite 403
        New York, NY 10004

        HOEY KING EPSTEIN PREZIOSO
        Attorneys for Defendant(s)
        55 Water Street, 29th Floor,
        New York, NY 10041

                    ATHENIA A. PARKS

Sworn to before me on
the 5th day of November, 2013

_____
NOTARY PUBLIC